# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**ZACHARY HUNTER**

Case Number. 8:16-cr-464-T-24TBM
USM Number: 67971-018

Adam Joseph Nate, AFPD

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One, Two and Three of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2522(a)(2) and 2252(b)(1) | Receipt and Attempted Receipt of Child Pornography | January 16, 2016 | One |
| 18 U.S.C. § 2522(a)(4)(B) and (b)(2) | Possession of Child Pornography | January 22, 2016 | Two |
| 18 U.S.C. § 2522(a)(4)(B) and (b)(2) | Possession of Child Pornography | January 22, 2016 | Three |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

July 6, 2017

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

July 6, 2017

Zachary Hunter
8:16-cr-464-T-24TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **SEVENTY-TWO (72) MONTHS. This term consists of SEVENTY-TWO (72) MONTHS** as to Counts One, Two and Three of the Indictment, all such terms to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1. Confinement at FCI Coleman.
2. Defendant to participate in and receive mental health counseling specializing in sexual offender treatment.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**. This term consists of a LIFE term as to Counts One, Two and Three of the Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Zachary Hunter
8:16-cr-464-T-24TBM

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature:_____    Date:_____

Zachary Hunter
8:16-cr-464-T-24TBM

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. Defendant shall participate as directed in a program for mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. You shall follow the probation officer instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the probation office's sliding scale for mental health treatment services.

3. The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by his Probation Officer.

4. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

5. The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

6. The defendant is prohibited from possessing, subscribing to, or viewing any video, magazine, or literature depicting children in the nude and/or in sexually explicit positions.

7. Without the prior written approval of the probation officer, the defendant is prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet provider. This prohibition includes a computer at a public library, an internet café, the defendant's place of employment, or an educational facility. Also, the defendant is prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk). If approved to possess or use a device, the defendant must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including the defendant's employer, the defendant must inform the third party of this restriction, including the computer inspection provision.

8. The defendant shall submit to a search of his person, residence, place of business, any storage units under your control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition

Zachary Hunter
8:16-cr-464-T-24TBM

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $300.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture dated April 11, 2017, that are subject to forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:16-cr-464-T-24AEP

ZACHARY HUNTER

**PRELIMINARY ORDER OF FORFEITURE**

The defendant pleaded guilty to Counts One through Three of the Indictment which charge him with receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

The United States moves, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, for a Preliminary Order of Forfeiture for the following assets:

    a. An HP Laptop (SN: 5CD237D8JJ);

    b. A Dell Laptop (SN: JMTKLT1);

    c. An Apple iMac computer (SN: QP93107F250);

    d. A Western Digital External Hard Drive; and

    e. A Datastick Pro Thumb Drive.

The United States has established the required connection between the crimes of conviction and the assets identified above. Because the United

States is entitled to forfeit the property, the motion is GRANTED. Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the assets described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n).

The Court retains jurisdiction to complete the forfeiture and disposition of the assets sought by the government.

DONE and ORDERED in Tampa, Florida, this _11_ day of April, 2017.

SUSAN C. BUCKLEW
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

2